CASE No. 2:09cv02297

IN THE
UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
AT MEMPHIS



HOWARD JEFFERSON ATKINS,
PETITIONER-APPELLANT,

v.

JAMES M. HOLLOWAY, WARDEN,
RESPONDENT-APPELLEE.

FEDERAL DISTRICT COURT NO. 2:09cv02297
SIXTH CIRCUIT COURT OF APPEALS NO. 12-6498

## MOTION REQUESTING LEAVE TO AMEND PENDING HABEAS CORPUS PETITION WITH AN ISSUE THAT HAS BECOME NEWLY RIPENED FOR FEDERAL REVIEW

COMES NOW, Petitioner, Howard J. Atkins, pursuant to F.R.C.P. Rule 15(a)(2) as well as the ruling of the Second Circuit Court of Appeals in the case of *Hom Sui Ching v. United States, 298 F.3d 174 (2d Cir. 2002)*, and presents this Motion Requesting Leave to Amend his Federal Habeas Corpus Petition with an issue addressing a violation of his Eighth Amendment Constitutional rights that has just recently become ripened for review by the federal courts. Petitioner's first habeas corpus petition is currently still pending with the Sixth Circuit Court of Appeals, the likely disposition of the case is that it will be remanded to this Honorable Court for an evidentiary hearing on the merits sometime next year. While traditionally it would be too late to amend the pending petition, justice so requires it as supported by the following facts:

1. On June 25, 2012, the U.S. Supreme Court entered an order in the case of *Miller v. Alabama, 132 S.Ct. 2455, 183 L.Ed.2d 407)*, acknowledging a new constitutional right that juveniles cannot be mandatorily sentenced to life without parole, and that they must be given a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."

2. The U.S. Supreme Court did not specifically address the retroactivity of *Miller*, and this is an issue of some debate amongst federal and state courts. However, The Tennessee state appellate courts as well as the federal district court for the Middle District of Tennessee have determined that *Miller* is to be given retroactive application pursuant to Tennessee's Constitution. (*Darden v. State*, 2014 WL 992097; *Starks v. Easterling*, 2014 WL 434759 (Sep. 2, 2014).

3. While Petitioner is not serving a sentence of life without parole in name, he is serving a term-of-years life sentence of 60 years at 85% that is the mandatory minimum for his crime and will keep him incarcerated until *at least* the age of 67. See *T.C.A. §39-13-202, 39-13-204, and 40-35-501(h)(1), (i)(1), and (i)(2)*. He received this sentence for a first-time single offense committed as a juvenile.[1]

4. Subsequent to the ruling in *Miller*, Petitioner timely filed a motion in the trial court to reopen his post-conviction proceedings on June 4, 2013, based on his assertions that: (a) *Miller* is retroactively applicable to cases on collateral review;

---

[1] Due to vagueness in Tennessee sentencing statutes, this sentence was originally thought to offer parole after 51 years. However, it has since been determined to be a sentence that terminates at 60 years minus time deducted for sentence credits, to a minimum of 51 years. See the document *"Entering Guilty Pleas"* (Tennessee Judicial Academy, Thursday August 22, 2013; Judge Chris Craft; Criminal Court Division VIII, 30th Judicial District at Memphis pgs. 6-7) regarding T.C.A. §40-35-501(i) – "Although defendants [with these charges] may earn up to 15% sentence credits, they will never get parole, and the plea is not to that offense at '85% parole eligibility.' There is also no such thing as 'life with parole' for Murder First Degree. It is 'life with possibility of release after 51 years.'" In other words, the only available sentences for a juvenile who is convicted for first-degree murder in Tennessee are "life without parole" (natural life) and "life" (60 years).

and (b) that *Miller's* protections should apply to lengthy mandatory term-of-years sentences in respect to juveniles, specifically his mandatory minimum sentence of 60 years. The trial court denied the motion on June 20, 2013. Thereafter, the Court of Criminal Appeals for the Western Division of Tennessee denied his request to appeal on August 29, 2013, under the arbitrary assessment that Petitioner's sentence is not a sentence of life-without-parole in name while never addressing his claim that his 60 year life sentence denies him a "meaningful opportunity to obtain release." *(Atkins v. State, No. W2013-01502-CCA-R28-PC).* The Tennessee Supreme Court denied discretionary review on January 6, 2014, and the U.S. Supreme refused to entertain a writ of certiorari on March 24, 2014 *(Atkins v. Tennessee, No.13-8549).*

5. All of this occurred during the pendency of the instant federal habeas corpus petition.

6. The Tennessee appellate courts have since conceded that the current mandatory sentencing scheme for first degree murder in Tennessee may violate the Eighth Amendment in regards to juveniles, and the next logical step may be to extend the *Miller* ruling to extensive mandatory term-of-years sentences. *Perry v. State, 2014 WL 1377579.* However, the *Perry* court felt that they did not have the authority to do so under existing precedent.

7. As the U.S. Supreme Court did not actually hold proceedings on Petitioner's *Miller* issue, it is not barred from federal review and is in fact now ripe for review before this Honorable Court.

8. Some other state courts have begun applying the protections in *Miller* to mandatory term-of-years sentences, notably Iowa in *State v. Null (836 N.W.2d 41 (Iowa 2013))*. In *Null*, the protections of *Miller* were applied to a juvenile who received a 52.5 year sentence. The *Null* court determined that: (1) "[t]he prospect of a geriatric release... does not provide a 'meaningful opportunity' to demonstrate the 'maturity and rehabilitation' required to obtain release and reenter society required by *Graham*" (*Id at 71*); (2) the new post-*Miller* sentencing statutes for first-degree murder tend to offer possible release after 15-25 years (*Id at 72*); and (3) '... those under a lengthy term-of-years sentence should not be worse off than one sentenced to life without parole and given the benefit of an individualized [sentencing] hearing under *Miller*" (*Id at 72*).

9. The federal appellate courts have not yet had the opportunity to address *Miller's* application to lengthy term-of-years sentences. However, the federal district court for the Middle District of Tennessee validates Petitioner's claim by its opinion that "... *Miller's* rationale should extend to juveniles... who received state sentences that are the functional equivalent of a juvenile's life sentence without parole." (*Starks v. Easterling, supra, at 10)*. While the *Starks* court, like the court in *Perry*, ultimately did not feel authorized to take action under existing precedent, it concluded its opinion by issuing a Certificate of Appealability on the issue so that the Sixth Circuit would have the opportunity to offer its direction.

10. The Second Circuit instructs that, when a defendant's initial petition is still pending on appeal, any new petition is not a "second" petition and does not need to be approved by the court of appeals in advance. *Ching v. U.S., (supra)*. The

*Ching* court is of the opinion that the new claims should be presented to the district court as part of a motion for leave to amend the still-pending initial petition upon remand from the federal circuit court of appeals.

11. Petitioner's Eighth Amendment *Miller* issue has been in a "holding pattern" awaiting a decision by the Sixth Circuit Court of Appeals on Petitioner's previous claims. Pursuant to the ruling of the *Ching* court (supra), this Motion is now properly before this Court and should be granted. In the event the Sixth Circuit does *not* remand Petitioner's case, Petitioner requests this Court allow briefing and proceed to hear his *Miller* claim on the merits, considered as part of his initial habeas corpus petition pursuant to *Ching*.

Wherefore, premises considered, Petitioner prays this Honorable Court accept his Motion to Amend as well-taken. Thereafter, that this Court allow the Petitioner to file an amended brief, including his Eighth Amendment *Miller* issue, upon remand of his case from the Sixth Circuit Court of Appeals. Alternatively, in the event that Petitioner's case is *not* remanded to this Court, Petitioner requests this Court to appoint counsel, allow briefing on the *Miller* issue alone, and thereafter hold a hearing on the merits, pursuant to the above-mentioned precedent.

Respectfully submitted,

Howard J. Atkins #327480
W.T.S.P. Site 1
P.O. Box 1150
Henning, TN  38041-1150

## CERTIFICATE OF SERVICE

I, hereby certify that a true and exact copy of the foregoing has been forwarded via, First Class Mail, postage prepaid, to the following individuals:

**Assistant Attorney General, Scott C. Sutherland; 425 Fifth Ave. N., P.O. Box 20207 Nashville, TN 37202-0207**

This the 4th day of November, 2014.

Respectfully,

_____

Howard J. Atkins
W.T.S.P. Site 1
P.O. Box 1150
Henning, TN 38041-1150