IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

HOWARD JEFFERSON ATKINS,

    Petitioner,

vs.                                                      No. 09-2297-STA-tmp

JAMES HOLLOWAY,

    Respondent.

_____

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
(ECF No. 47)
ORDER DENYING MOTION TO SEPARATE GROUNDS
(ECF No. 48)
AND
ORDER DENYING MOTION FOR CONSIDERATION OF CUMULATIVE ERROR
(ECF No. 49)
_____

On August 14, 2015, Petitioner filed a motion for appointment of counsel. (ECF No. 47.) "The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for a writ of habeas corpus, which is a civil proceeding." *Staple v. Lafler*, No. 07-cv-12452, 2010 WL 3341530, at *2 (E.D. Mich. Aug. 24, 2010) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *see also*

18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. § 2254 who are financially eligible whenever the court determines "that the interests of justice so require"). The appointment of counsel is mandatory only when an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

> In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel.

*Hoggard*, 29 F.3d at 471 (citations omitted).

Petitioner admits that he is capable of filing motions and briefs, but seeks the appointment of counsel for locating and subpoenaing witnesses and for oral argument. (ECF No. 47 at PageID 3308.) Petitioner has not demonstrated that the appointment of counsel would be in the interest of justice at this time. This Court must first determine:

(1) whether state post-conviction counsel was ineffective;

(2) whether Atkins' claims of ineffective assistance of counsel are substantial within the meaning of *Martinez*, *Sutton*, and *Trevino*; and,

if those questions are answered in the affirmative,

(3) whether Atkins can demonstrate prejudice.

If Atkins can establish cause and prejudice as to any claim, the district court is to evaluate that claim on the merits. (Order, ECF No. 30 at *5.)

The State has not yet filed a response. If the Court determines that a hearing is required, counsel will be appointed to represent Petitioner, as required by law, without the filing of a motion. Petitioner's motion (ECF No. 47) is DENIED.

On August 14, 2015, Atkins filed a motion seeking to separate his first ground for relief from the other grounds, partially based on his assumption that the other grounds will require an evidentiary hearing. (ECF No. 48.) The Court has not yet determined that an evidentiary hearing will be required and the motion is DENIED.

On August 14, 2015, Atkins filed a motion seeking the Court's consideration of the cumulative effect of counsels' errors. (ECF No. 49.) Atkins must meet the burden set forth above before this Court evaluates the merit of any claim. (*See supra.*) To the extent review of any cumulative effect will be applicable, Atkins has already briefed the issue and the State is required to respond. (ECF No. 51 at PageID 3335, 3379.) The motion is DENIED as MOOT.

Entered this 26th day of October, 2015

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE