# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

HOWARD J. ATKINS,                         )
                                          )
      Petitioner,                  )
                                          )
v.                                        )          Case No. 2:09-cv-02297-SHL-dkv
                                          )
RANDY LEE,                                )
                                          )
      Respondent.                  )

## ORDER MODIFYING THE DOCKET, DENYING PETITION PURSUANT TO 28 U.S.C. § 2254, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court are the Motion Requesting Leave to Amend Pending Habeas Corpus Petition with an Issue that Has Become Newly Ripened for Federal Review ("Second Amended § 2254 Petition") filed by Petitioner, Howard Atkins, Tennessee Department of Correction ("TDOC") prisoner number 327480, who is currently incarcerated at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee (ECF No. 40), the Answer to [. . . ] Petitioner's Claim Under *Miller v. Alabama* ("Second Amended Answer") filed by Respondent, who was, at the time, James Holloway (ECF No. 60), Atkins's Amended Traverse of Respondent's Answer ("Third Amended Reply") (ECF No. 67-1), Atkins's Notice of Supplemental Authority (ECF No. 74), and the Warden's Response to Petitioner's Notice of Supplemental Authority (ECF No. 75). Because the state court decision on the sole remaining issue is not contrary to or an unreasonable application of clearly established federal law and is not based on an objectively unreasonable factual finding, the Court **DENIES** the Second Amended § 2254 Petition.

## I.     BACKGROUND

Atkins is serving a sentence of life imprisonment with the possibility of parole for the first degree murder of his stepfather, Raymond Conway, Sr. (ECF No. 15-1 at PageID 601.) Atkins

was sixteen years old when he committed the murder.   On May 7, 2009, he filed a *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"), accompanied by a legal memorandum.   (ECF Nos. 1, 1-1.)[1]   On September 2, 2009, the Court directed Respondent, who was, at the time, [Prison] Warden Tony Parker, to file the state-court record and a response to the § 2254 Petition.   (ECF No. 4.)

On October 7, 2009, before Warden Parker had filed his response, Atkins filed a notice that he intended to amend his § 2254 Petition.   (ECF No. 11.)   On November 4, 2009, he filed his amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended § 2254 Petition"), which was intended to supersede, rather than to supplement, the original § 2254 Petition.   (ECF No. 12.)   Atkins described his claims as follows:

1. Plain error occurred when the juvenile court granted the State's motion for transfer of Petitioner to adult circuit court;

2. Denial of effective assistance of counsel at juvenile transfer hearing;

3. Denial of effective assistance of counsel at trial;

4. Denial of effective assistance of counsel on direct appeal; and

5. Plain error occurred in the charge to the jury regarding the mens rea of first degree murder and all lesser included offenses, violating petitioner's right to a jury trial.

(*Id.* at PageID 233, 235-36, 238, 246.)   Atkins asks that his sentence be vacated and that he be released.   (*Id.* at PageID 243.)   In the alternative, he seeks a new trial with permission to pursue a plea of insanity.   (*Id.*)

---

[1]   There is a discrepancy on the docket between the "Date Filed" in the header, which is listed as May 7, 2009, and the filing date of the § 2254 Petition listed at ECF No. 1, which is May 13, 2009.   The § 2254 Petition was stamped by the Clerk on May 7, 2009.   The Clerk is directed to modify the docket at ECF No. 1 to reflect that the § 2254 Petition was filed on May 7, 2009.

On November 12, 2009, the Warden filed his Answer to Petition and Amended Petition for Writ of Habeas Corpus ("Answer").   (ECF No. 13.)   The Warden filed the state-court record on November 20, 2009.   (ECF No. 15.)   On December 14, 2009, Atkins filed his Traverse of the State's Answer to Amended Petition for Writ of Habeas Corpus ("Reply").   (ECF No. 17.)

On May 14, 2012, the Court directed the Warden to file an amended answer that addressed all the claims in the Amended § 2254 Petition.   (ECF No. 24.)   Warden Parker filed his Answer to Amended Petition for Writ of Habeas Corpus ("Amended Answer") on July 23, 2012.   (ECF No. 26.)   On August 9, 2012, Atkins filed his Traverse of the State's Second Answer to Amended Petition for Writ of Habeas Corpus ("Amended Reply").   (ECF No. 27.)   The Warden filed a supplement to the state-court record on August 28, 2012.   (ECF No. 28.)

In an order issued on September 26, 2012, the Court denied the Amended § 2254 Petition, denied a certificate of appealability, certified that an appeal would not be taken in good faith and denied leave to proceed *in forma pauperis* on appeal.   (ECF No. 30.)   The Court held that, with the exception of a single claim of ineffective assistance of appellate counsel, each and every issue presented had not been properly exhausted in state court and was barred by procedural default. As for the lone exhausted sub-claim, the Court held that Atkins had not satisfied the stringent standards for overturning a state-court decision on the merits.   Judgment was entered on September 27, 2012.   (ECF No. 31.)

The Sixth Circuit Court of Appeals issued a certificate of appealability to address "whether Atkins can show cause and prejudice to excuse the procedural default of his claims that his juvenile court counsel and trial counsel were ineffective."   (ECF No. 37.)   On July 8, 2015, the Court of Appeals affirmed in part, reversed in part, and remanded the case for further proceedings.   *Atkins*

3

*v. Holloway*, 792 F.3d 654, 663 (6th Cir. 2015).   That order relied on the Supreme Court's

decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), which, since the issuance of the dismissal order,

had been extended in *Trevino v. Thaler*, 569 U.S. 413 (2013), and made applicable to Tennessee

prisoners in *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014).   Specifically, the Sixth Circuit

held that "the district court in this case erred by using an improper standard to determine whether

Atkins has shown 'cause' to excuse the procedural default of his claims for [ineffective assistance

of trial counsel ("IATC")].   This is true for Atkins's claims of IATC numbered (1), (3)-(7), and

(9)-(12)[.]"   *Atkins*, 792 F.3d at 659-60.   The Court of Appeals issued the following instructions:

> As to these claims, the district court should determine on remand: (1) whether state
> post-conviction counsel was ineffective; and (2) whether Atkins's claims of
> ineffective assistance of counsel were "substantial" within the meaning of
> *Martinez*, *Sutton*, and *Trevino*.   Questions (1) and (2) determine whether there is
> cause.   The next question is (3) whether Atkins can demonstrate prejudice.
> Finally, the last step is: (4) if the district court concludes that Atkins establishes
> cause and prejudice as to any of his claims, the district court should evaluate such
> claims on the merits.

*Id.* at 660 (citations omitted).   The Court of Appeals affirmed the dismissal of Atkins's IATC sub-

claims (2) and (8) as procedurally defaulted because the claims were adjudicated by the post-

conviction court but not on the post-conviction appeal.   *Id.* at 661.   The Court of Appeals also

affirmed the dismissal of Atkins's claims of ineffective assistance of juvenile counsel.   *Id.* at 661-

63.

On November 6, 2014, while his appeal was pending, Atkins filed a Motion Requesting

Leave to Amend Pending Habeas Corpus Petition with an Issue that Has Become Newly Ripened

for Federal Review ("Second Amended § 2254 Petition"), which sought leave to amend to assert

a claim that his sentence was unconstitutional in light of the Supreme Court's decision in *Miller v.*

*Alabama*, 567 U.S. 460 (2012).   (ECF No. 40.)   After the Sixth Circuit mandate issued, the Court

4

granted leave to amend, directed the Warden to file the state-court record on the *Miller* claim and set a briefing schedule for the remanded IATC claims and the new claim.   (ECF No. 45.)[2]   On November 19, 2015, Warden Holloway filed his Second Amended Answer and additional portions of the state-court record.   (ECF Nos. 60, 61.)   On December 14, 2015, Atkins filed his Traverse of Respondent's Answer ("Second Amended Reply").   (ECF No. 66.)   On December 17, 2015, Atkins filed a Motion to Amend Traverse, accompanied by his proposed Amended Traverse of Respondent's Answer ("Third Amended Reply").   (ECF Nos. 67, 67-1.)   On January 5, 2016, the Court granted the Motion to Amend Traverse.   (ECF No. 68.)

On May 23, 2017, an attorney filed a notice of appearance on Atkins's behalf.   (ECF No. 70.)   Also on May 23, 2017, counsel filed a motion withdrawing the IATC claims that had been remanded by the Court of Appeals and seeking a disposition of Atkins's remaining claim, which seeks relief under *Miller*.   (ECF No. 71.)[3]   The Court granted the motion to withdraw the IATC claims on February 7, 2018.   (ECF No. 73.)

On March 15, 2018, Atkins, through counsel, filed a Notice of Supplemental Authority. (ECF No. 74.)   The Warden filed his Response to Petitioner's Notice of Supplemental Authority on March 16, 2018.   (ECF No. 75.)[4]

## II.   ANALYSIS

The only issue remaining to be decided is whether Atkins is entitled to relief on the basis of the Supreme Court's decision in *Miller v. Alabama*, which held that the Eighth Amendment

---

[2]   The order also changed the Respondent to James Holloway.   (*Id.* at 1 n.1.)

[3]   The matter was reassigned to the undersigned judge on June 7, 2017.   (ECF No. 72.)

[4]   The Clerk is directed to substitute NECX Warden Randy Lee for James Holloway as Respondent.   *See* Fed. R. Civ. P. 25(d).

prohibits the imposition of mandatory sentences of life imprisonment without parole for individuals who were under the age of eighteen when they committed their crimes.   567 U.S. 460, 465 (2012).   The decision in *Miller* has been made retroactively applicable to cases on collateral review.   *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016).

On or about June 3, 2013, Atkins filed a Motion to Reopen Post-Conviction Petition in the Circuit Court for Tipton County, Tennessee, in which he sought relief on the basis of *Miller*. (ECF No. 61-1 at PageID 3588-3657.)   The post-conviction court denied the motion to reopen on June 20, 2013.   (ECF No. 61-2 at PageID 3850-51.)   On August 29, 2013, the Tennessee Court of Criminal Appeals ("TCCA") denied leave to appeal.   (ECF No. 61-6.)   The TCCA reasoned that, "[i]n the present case, the Petitioner was sentenced to life imprisonment with the possibility of parole.   Even if *Miller* established a new constitutional [sic] that should be applied retroactively, the Petitioner is not entitled to relief because he is not serving a sentence of life without the possibility of parole."   (*Id.* at PageID 3867-68 (citing Tenn. Code Ann. § 40-30-117(a)(4).)

When a state prisoner's claim has been adjudicated on the merits in state court, as it has been here, a federal court can issue a writ only if the adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).   The petitioner carries the burden of proof for this "difficult to meet" and "highly deferential standard," which "demands that state-court decisions be given the benefit of the doubt."   *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and

citations omitted).   Here, Atkins does not specify the provision of § 2254(d) on which he relies. It appears that Atkins claims that the TCCA's decision was contrary to, or an unreasonable application of, *Miller*.   (*See* ECF No. 40 at 2-5; *see also* ECF No. 67-1 at 2-3.)   In his supplement, Atkins also argues that the state decision was based on an unreasonable determination of the facts. (*See* ECF No. 74.)

To begin, Atkins has not established that the decision of the TCCA was contrary to *Miller v. Alabama*.   A state court's decision is "contrary to" federal law when it "arrives at a conclusion opposite to that reached" by the Supreme Court on a question of law or "decides a case differently than" the Supreme Court has "on a set of materially indistinguishable facts."   *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).   Here, the TCCA cited the correct legal rule from *Miller*.   (ECF No. 61-6 at PageID 3867.)   This is "a run-of-the-mill state-court decision applying the correct legal rule . . . to the facts of a prisoner's case," and therefore it does not "fit comfortably within § 2254(d)(1)'s 'contrary to' clause."   *Williams*, 529 U.S. at 406.

Atkins also fails to satisfy his burden of demonstrating that the TCCA's decision was an unreasonable application of *Miller*.   An "unreasonable application" of federal law occurs when the state court "identifies the correct governing legal principle from" the Supreme Court's decisions "but unreasonably applies that principle to the facts of the prisoner's case."   *Id.* at 413. The state court's application of clearly established federal law must be "objectively unreasonable" for the writ to issue.   *Id.* at 409.   The writ may not issue on this basis merely because the habeas court, in its independent judgment, determines that the state court decision applied clearly established federal law erroneously or incorrectly.   *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citing *Williams*, 529 U.S. at 411).   Rather, "a state prisoner must show that the state court's ruling

7

on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Atkins argues that "*Miller*'s protections should apply to lengthy mandatory term-of-years sentences in respect to juveniles, specifically his mandatory minimum sentence of 60 years." (ECF No. 40 at 3.)[5]  According to Atkins, "his 60 year life sentence denies him a meaningful opportunity to obtain release" notwithstanding the TCCA's holding that Atkins' "sentence is not a sentence of life-without-parole."  (ECF No. 40 at 3 (internal quotation marks omitted).)  In other words, Atkins complains that the TCCA declined to extend the holding in *Miller* to cases that are factually distinct from the circumstances in *Miller*.  While there might be sound policy reasons for the Supreme Court or the Tennessee legislature to modify the sentences available to juveniles convicted of first degree murder, this issue is not before the Court.  The only issue here is whether the TCCA's conclusion that *Miller*, by its terms, applies only to *mandatory* sentences of life without the possibility of parole "was so lacking in justification that there was an error well understood and comprehended in *existing* law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103 (emphasis added).   That standard is not satisfied here.

In his supplement, Atkins argues that he is serving a life sentence without parole eligibility. (ECF No. 74.)  Although Atkins does not refer to the standards for reviewing a state-court decision on the merits, he is, in essence, claiming that the TCCA's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[5] With sentence credits, Atkins would be eligible for release after fifty-one years.  (*Id.* at 2 n.1.)

proceeding."   "[W]hen a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, . . . [t]he prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'"   *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(e)(1)).   A state court factual determination is not "unreasonable" merely because the federal habeas court would have reached a different conclusion.   *Wood v. Allen*, 558 U.S. 290, 301 (2010); *see also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) ("Reasonable minds reviewing the record might disagree" about the factual finding in question, "but on habeas review that does not suffice to supersede the trial court's . . . determination.").

In Atkins's challenge to the TCCA's factual finding that he is not serving a mandatory sentence of life imprisonment without the possibility of parole, he cites, but does not discuss, Tennessee Code Annotated § 40-35-501(i), and *Myrick v. State*, No. M2013-02352-COA-R3-CV, 2014 WL 5089347 (Tenn. Ct. App. Oct. 8, 2014), *appeal denied* (Tenn. Jan. 16, 2015).   (ECF No. 74.)   First, the statute provides that

> [t]here shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2).   The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained.   However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

Tenn. Code Ann. § 40-35-501(i)(1).   This provision does apply to persons convicted of first degree murder.   *Id.* § 40-35-501(i)(2)(A).   In fact, in *Myrick*, the Tennessee Court of Appeals affirmed the dismissal of a claim by an inmate who had been convicted of second degree murder that he was entitled to a parole hearing and mandatory release on parole.   Applying the foregoing statutory provisions, the Tennessee Court of Appeals held that "we agree with the trial court that

Mr. Myrick is not eligible for parole and must serve his entire sentence." *Myrick*, 2014 WL 5089347, at *3.

Unfortunately, Atkins has not explained how this statutory provision and the *Myrick* decision assist him, particularly given that a life sentence is presumed to be sixty years.   *See* Tenn. Code Ann. § 40-35-501(h)(1).   Eighty-five percent of sixty years is fifty-one years.   Therefore, Atkins's sentence is effectively fifty-one years, not a life sentence without the possibility of parole.

Indeed, the Court finds that Atkins's argument fails, for several reasons.   First, the Supreme Court's decision in *Miller* is factually distinguishable from the Tennessee sentencing scheme that applied in Atkins's case.   In *Miller*, the juveniles were sentenced to mandatory terms of life imprisonment without the possibility of parole.   The Supreme Court emphasized that "[s]tate law mandated that each juvenile die in prison even if the judge or jury would have thought that his youth and its attendant characteristics, along with the nature of his crime, made a lesser sentence (for example, life *with* the possibility of parole) more appropriate."   567 U.S. at 465.   In Tennessee, by contrast, the available sentences for a juvenile convicted of first degree murder are life imprisonment with and without the possibility of parole.   Tenn. Code Ann. § 39-13-204(a).[6] Here, the State did not seek a sentence of life imprisonment without the possibility of parole. Whether Tennessee law mandates the release of first degree murderers after they have served fifty-one years, or they merely become eligible for release, does not matter for purposes of Atkins's *Miller* claim because the state-court judgment did not impose a mandatory sentence of life imprisonment with no possibility of release.

---

[6] The death penalty is not available where, as here, a case was transferred from juvenile court.   Tenn. Code Ann. § 37-1-134(a)(1)(B).

Second, Tennessee courts have made clear that inmates sentenced to life imprisonment are eligible for release after fifty-one years. *See, e.g., Vaughn v. State*, 202 S.W.3d 106, 118-19 (Tenn. 2006) ("[S]ubsection (i) operates . . . to raise the floor from 60% of sixty years . . . to 100% of sixty years, reduced by not more than 15% of eligible credits.") (quoting Tenn. Op. Att'y Gen., No. 97-098 (1997)); *Darden v. State*, No. M2013-01328-CCA-R3-PC, 2014 WL 992097, at *11 (Tenn. Crim. App. Mar. 13, 2014) ("Life imprisonment in Tennessee does not condemn a juvenile offender to die in prison as the life-without parole sentences contemplated by *Miller*.   In Tennessee, a defendant sentenced to life imprisonment must serve 85% of sixty years, or fifty-one years, before becoming eligible for release."), *appeal denied* (Tenn. Mar. 13, 2014); *see also State v. Collins*, No. W2016-01819-CCA-R3-CD, 2018 WL 1876333, at *20 (Tenn. Crim. App. Apr. 18, 2018) ("[T]his court has consistently rejected the claim that a juvenile's mandatory life sentence, which requires service of fifty-one years before release, constitutes an effective sentence of life without parole in violation of *Miller*.") (collecting cases).

Third, in *Starks v. Easterling*, 659 F. App'x 277, 280-81 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 819 (2017), the Sixth Circuit Court of Appeals held that a state-court decision rejecting a prisoner's challenge to his sentence, which precluded him from being considered for parole until he served a term in excess of his life expectancy, was not contrary to or an unreasonable application of *Miller*.[7]   Atkins's sentence is similar to, albeit shorter than, the sentence that was challenged in *Starks* and, therefore, the decision in *Starks* precludes this Court from granting relief on Atkins's *Miller* claim.

---

[7] The prisoner in *Starks* had been sentenced to life imprisonment plus eleven years.   *Id.* at 278.

11

Therefore, Atkins's *Miller* claim is **DISMISSED**.   Because every claim presented by Atkins has been dismissed, the Second Amended § 2254 Petition is **DENIED**.   Judgment shall be entered for Respondent.

## III.   APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003).   The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.   R. 11, Rules Governing Section 2254 Cases in the United States District Courts.   A petitioner may not take an appeal unless a circuit or district judge issues a COA.   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.   28 U.S.C. §§ 2253(c)(2) & (3).   A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted).   A COA does not require a showing that the appeal will succeed.   *Id.* at 337. Courts, however, should not issue a COA as a matter of course.   *Id.*

In this case, there can be no question that the Second Amended § 2254 Petition is meritless for the reasons previously stated.   Because any appeal by Petitioner on the issue raised in his § 2254 Petition, as amended, does not deserve attention, the Court **DENIES** a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.   However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.   *See* Fed. R. App. P. 24(a) (4)-(5).   In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.   It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[8]

> **IT IS SO ORDERED**, this 28th day of August, 2018.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> UNITED STATES DISTRICT JUDGE

---

[8] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order.   *See* Fed. R. App. P. 24(a)(5).